## ROSE AND RUSSEL v. BROWN.

ERROR from the Court of Common Pleas.  Brown brought
his action to the Court of Common Pleas, on a promissory
note, dated 13th of April, A. D. 1778, payable in one year.
The defendants pleaded a tender in continental bills, at the
day of payment (it then being the currency of the country.)
And there was a trial, and judgment for the plaintiff; which,
on writ of error, was afterwards reversed by the Superior
Court.— After the reversal of said judgment, viz.   In the
month of December, 1785, Brown demanded of Rose and
Russel, the money said to have been tendered, and upon their
neglect to deliver it, demanded payment of the note; which
was not complied with.——A suit was then commenced upon
the same note, before the Court of Common Pleas.   The
defendants pleaded the former suit and judgment, setting
forth the whole record.— The plaintiff replied, the writ of
error and reversal, and the subsequent demand and refusal.—
The defendants rejoined — That the continental bills ten-
dered at the day of payment, were again offered and tendered
to the plaintiff in court,  at the time of trial, before the Court

of Common Pleas, mentioned in his plea; and that, according to the course and order of said court, and with the knowledge of the plaintiff, said bills were delivered to the clerk of said court, for the use of the plaintiff; and that said bills having been kept by the defendants, ready for the plaintiff, from the time they were first tendered till they were delivered into the custody of the clerk of said court, had become depreciated, and of no value, and ceased to be a currency; and that they have been kept among the files of said court, for the plaintiff, till the present time, and were not, at the time of said demand, on the 14th day of December, 1785, in the hands of the defendants; and that said bills are now here in court, ready for the plaintiff.

To this there was a demurrer, and joinder in demurrer; and judgment was, by the Court of Common Pleas, for the plaintiff.

The exceptions to this judgment were:

1. That the plaintiffs in error, having lodged said money with the clerk of said court, as aforesaid, were thereby exonerated from any liability to pay said note.

2. That said bills being wholly depreciated, when the defendant in error made the demand mentioned in his replication; therefore, no damage could have been given by said court above the value of said bills.

Judgment of the Court of Common Pleas affirmed.

By the COURT. The rejoinder of the defendants in the action was insufficient:

1. Because it did not appear from their plea in bar, that the tender relied upon was in fact made; but only that it had been pleaded, and demurred to, in a former suit upon the same note; the judgment in which suit was afterwards re-

Rose et al. v. Brown.

versed, and the reversal removed all effect of the pleadings therein; so that though the record remained, it was not evidence of the truth of the facts therein averred or admitted.

2. Because, admitting the defendant's plea in bar good, both as to the manner and matter of it, yet the benefit of the tender was lost, by the subsequent demand and refusal. It was not a sufficient reason for the refusal, that the money when so demanded had depreciated and ceased to be a circulating medium; nor that it was lodged with the clerk of the court in the former suit; for as the plea of tender was there decided against the defendants, the money remained theirs, and it behooved them to take care of it.

Note.— This judgment was afterwards affirmed in the Supreme Court of Errors.